THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROBINSON | : | CIVIL ACTION |
| | : | NO.  10-7165 |
| | : | |
| v. | : | |
| | : | |
| PRISON HEALTH SERVICES, INC. et al | : | |

O'NEILL, J.                                                                                                                                                                                                                                                                                                                June 2, 2014

### **MEMORANDUM**

Plaintiff David Robinson has sued Prison Health Services, Inc., now known as Corizon Health Inc., its board of directors, Corizon Chief Executive Officer Richard Hallworth, Corizon board member William Hale, Dr. Bruce Blatt, Dr. Margarita McDonald, Dr. Richard Kosierowski, Dr. Richard Stefanic, Dr. John Zaro, Raymond Machak, P.A., Frank Masino, P.A.-C., Superintendent Michael Wenerowicz, Joseph Korszniak, Wendy Shaylor, Keri Moore, the Commonwealth of Pennsylvania, the Commonwealth of Pennsylvania Department of Corrections, John E. Wetzel, Robert Wolff and various John and Jane Does for alleged violations of his constitutional rights.  Dkt. No. 45.  Presently before me is a motion to dismiss plaintiff's first amended complaint by defendants Michael Wenerowicz, Joseph Korszniak, Wendy Shaylor and Robert Wolff and plaintiff's response thereto.[1]  For the following reasons I will grant defendants' motion.

---

[1]     Of the named defendants only the moving defendants were properly served.  Dkt. No. 50.  On May 5, 2014 I ordered plaintiff to inform the Court by May 19, 2014 why the case should not be dismissed as to the remaining fifteen defendants.  On May 22, 2014, plaintiff asked for an extension of time to respond until May 31, 2014.  Dkt. No. 52.  I will grant this motion in a separate Order, giving plaintiff until June 9, 2014.

**BACKGROUND**

Moving defendants are Wenerowicz, Superintendent at SCI-Graterford; Korszniak, nurse and medical administrator at SCI-Graterford; Shaylor, Facility Grievance Coordinator at SCI Graterford; and Wolff, Director of Healthcare at the Pennsylvania Department of Corrections.[2] In his amended complaint, Robinson claims that these defendants provided him inadequate medical care.[3] E.g., Dkt. No. 45 at ¶¶ 60-67.

Plaintiff, who now suffers from kidney cancer, was incarcerated at Graterford in 2000 when one of the named defendants, Dr. Kosierowski, diagnosed him with high blood pressure and prescribed medication as treatment. Dkt. No. 45 at ¶¶ 83, 85-86. Robinson remained on this medication and was regularly monitored. Id. at ¶¶ 88, 104. In March 2006, Robinson showed high microalbumin levels, which were documented in his medical chart. Id. at ¶ 90. Robinson claims he should have been given additional tests and that his microalbumin levels should have been more closely monitored. Id. at ¶ 96.

On April 12, 2006, a non-moving defendant, Dr. Zaro, prescribed ACE-inhibitors to plaintiff, medications which Robinson contends can impair kidney function. Id. at ¶ 99. Robinson also alleges that another non-moving defendant, Dr. Kosierowski, was "evasive and

---

Additionally, Robinson's response to the moving defendants' motion to dismiss fails to specifically address the claims against the moving defendants and instead reiterates allegations against all the defendants, focusing especially on his allegations against the fifteen named defendants whose summonses were returned unexecuted. Robinson's amended complaint also contains many claims that do not involve the moving defendants. I will limit my analysis to those claims and allegations pertaining to the moving defendants.

[2]   Robinson identifies Wolff as "the Director of Health Care at the PA-DOC." Dkt. No. 45 at ¶ 25. However, defendants indicate that "Mr. Wolff was an assistant counsel in DOC's Chief Counsel's Office. He briefly served as acting Director of the Bureau of Health Services in 2012 and retired from DOC employment in 2013." Dkt. No. 48 at 3 n. 1.

[3]   Robinson was unrepresented by counsel when he filed his initial complaint. Dkt. No. 3. He filed an amended complaint after obtaining counsel. Dkt. No. 45.

2

would not tell [Robinson] how the cocktail of medicines that he and his colleagues had prescribed beginning in 2000 would affect his kidneys." Id. at ¶ 101.  On March 9, 2011, after Robinson complained of abdominal pain, another non-moving defendant, Dr. Stefanic, examined plaintiff and prescribed "lactulose/mineral oil" for "possible constipation."  Id. at ¶ 115.  Later that day plaintiff returned to the medical department again complaining of abdominal pain. Id. at ¶ 122.  Robinson contends that an unknown non-defendant doctor diagnosed his condition as an "[a]cute [b]owel [o]bstruction."  Id. at ¶ 123.  Plaintiff was transported to an outside hospital for further evaluation where he was diagnosed with cancer in both kidneys.  Id. at ¶ 128.  Plaintiff's right kidney was removed as was cancerous tissue from his left kidney.  Id. at ¶¶ 130-38.

Robinson complains that defendants Kosierowski, Stefanic, Blatt, McDonald, Zaro, Machak and the "Does" failed to perform "radiographic testing to determine the scope and source" of Robinson's pain.  Id. at ¶ 125.  Robinson submitted a grievance regarding this allegedly inadequate medical treatment and defendant Shaylor, one of the moving defendants, rejected it for having been submitted more than 15 working days after the events occurred.  Id. at ¶ 140(j).  Robinson claims that he appealed this rejection to Superintendent Wenerowicz and received no response.  Id. at ¶ 140(j)-(p).  Graterford contends that it has no record of Robinson's appeal.  Dkt. No. 48 at 6.  Robinson then submitted an appeal to the Secretary's Office of Inmate Grievances and Appeals which was rejected because there was no record of plaintiff's appeal to the Superintendent.  Dkt. No. 45 at ¶ 140(o).  Robinson alleges that he filed a new grievance "addressed directly to defendant Wenerowicz" but received no response.  Id. at ¶ 140(k).

Additionally, Robinson claims that he developed severe pain and swelling shortly after receiving a Hepatitis B vaccine on March 29, 2003.  Dkt. No. 45 at ¶¶ 141-160.  He alleges that since then he has "made hundreds of requests for prompt and adequate medical treatment for the

injury to his arm." Id. at ¶ 146.  Robinson contends that moving defendant Korszniak "intentionally and maliciously denied his grievance and claimed he saw 'no recent complaint about [Robinson's] arm in [Robinson's] chart from sick call.'" Id. at ¶ 153.  Robinson further claims that "to this day [he] lives in excruciating pain and suffers constantly due to the injury to his deltoid muscle and nerves." Id. at ¶ 154.

Robinson claims that while incarcerated at SCI-Graterford he was provided inadequate medical care in violation of the 8th and 14th Amendments.  Dkt. No. 45 at ¶¶ 161-63.  Robinson also contends that the moving defendants conspired with the other defendants to deprive him of adequate medical treatment. Id. at ¶¶ 207-209.  Additionally, Robinson claims that he suffered disparate treatment and inadequate medical care because he is a member of a protected class.  He seeks recovery under Title VII of the Civil Rights Act. Id. at ¶¶ 170-76.  Robinson also makes state law claims based on the same underlying facts, alleging breach of contract, negligence and intentional infliction of emotional distress. Id. at ¶¶ 189-199.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  This "simply calls for enough facts to raise a reasonable expectation that

4

discovery will reveal evidence of" the necessary element. Id. at 556.  The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679.  The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

### I.     Alleged Constitutional Violations

#### a.     2003 Injection – Expiration of the Statute of Limitations

Robinson alleges violations of his rights under the 8th and 14th Amendments arising out of his continued pain from a Hepatitis B vaccine that he received on March 29, 2003.  Moving defendants contend that the two year statute of limitations for Robinson's claims arising from

this injection expired at least six years before he filed this action. Dkt. No. 48 at 9. Robinson asserts that his claims based on the injection are timely because they "relate back to his original complaint" or, alternatively, because the statute of limitations was tolled while he exhausted his administrative remedies. Dkt. No. 49 at 2-4. I agree with moving defendants and find that Robinson's claims based on the 2003 injection are barred by the statute of limitations.

The parties agree that the applicable statute of limitations in Pennsylvania is two years. Dkt. No. 48 at 9; Dkt. No. 49 at 2. The statute of limitations for Robinson's claims regarding the Hepatitis B vaccine injection was either triggered on or shortly after March 28, 2003, the date of the injection and the alleged resulting severe pain and swelling, or at the very latest by July 6, 2004 when he filed a previous lawsuit regarding the injection. Dkt. No. 3 at 6. However, Robinson did not file the instant action until December 14, 2010, clearly more than six years after the statute of limitations had expired. Dkt. No. 3.

The relation back doctrine applies when an amendment to a complaint occurs after the statute of limitations has run for a cause of action if the claim asserted by amendment arose out of the same conduct, transaction or occurrence as that contained in the original pleading or, when the amendment names a party who had notice that, but for a mistake, it was properly a party to the claim. Fed. R. Civ. P. 15(c). It is unclear how Robinson seeks to use this doctrine to overcome the expired statute of limitations in this case because, with respect to his claims arising out of the injection, Robinson's original complaint was not timely. Robinson has not provided any prior date or pleading to which his amended complaint could possibly relate back in order to satisfy the two-year statute of limitations.

Robinson also argues that the statute of limitations was tolled while he exhausted his administrative remedies. Dkt. No 49 at 4. Under the PLRA a prisoner must exhaust all available

administrative remedies before seeking recovery pursuant to § 1983.  42 U.S. C. § 1997e(a).  Therefore, the Court of Appeals has held that "the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts."  Paluch v. Sec'y Pa. Dep't Corr., No. 10-1645, 2011 WL 3652418, at *3 (3d Cir. Aug. 19, 2011).  Importantly, to satisfy this exhaustion requirement "a prisoner must *properly* exhaust his administrative remedies.  'Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .'"  Austin v. Beard, 351 F. App'x 780, 782 (3d Cir. 2009), quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006) (emphasis in original).  To the extent that Robinson took steps to properly exhaust his administrative remedies the statute of limitations on his 2003 injection would be tolled.

However, Robinson has not sufficiently alleged that he properly pursued an administrative remedy for his alleged injury due to the injection.  Robinson contends that he has "made hundreds of requests for prompt and adequate medical treatment for the injury to his arm."  Dkt. No. 45 at ¶ 146.  But, considering the facts alleged in Robinson's amended complaint, the only official inmate grievance he submitted regarding the 2003 injection was filed on June 26, 2010, more than seven years after he received the injection and more than one year after he filed his first lawsuit.  Pursuant to the Pennsylvania Department of Corrections Consolidated Inmate Grievance System Robinson had fifteen days from the date of the injection to file a grievance.  See e.g., Dkt. No. 45 at ¶ 140(j).  Robinson's untimely grievance does not toll the statute of limitations.  Rather, I find that the statute of limitations on Robinson's claims arising from the 2003 injection has expired.  I will grant moving defendants' motion to dismiss these claims.

I will deny Robinson leave to amend his claims based on the injection because amendment would be futile.  Though Rule 15 of the Federal Rules of Civil Procedure dictates

7

that "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), "the grant or denial of an opportunity to amend is within the discretion of the District Court. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Amendment in this case would not cure Robinson's failure to file his claim before the expiration of the statute of limitations because the relation back theory is inapplicable. Additionally, even if Robinson could amend his complaint to plead that he had properly filed a grievance within fifteen days from the date of the injection to toll the statute of limitations, I find that the administrative review process would necessarily have been completed prior to the date Robinson finally filed the instant complaint more than six years later. See, Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997) (additional citations omitted); Abraham v. DiGuglielmo, No. 06-0058, 2011 WL 2604730, at *4 (E.D. Pa. June 30, 2011).[4]

---

[4] The Commonwealth of Pennsylvania's Department of Corrections Consolidated Inmate Grievance System mandates an initial investigation after a grievance is submitted. Booth, 206 F.3d at 293 n.2. If the grievant requests an interview, one "shall be granted within 10 working days." Id. Then within five days of the receipt of the initial determination the grievant may appeal to intermediate review personnel, who have only ten working days to notify the grievant of the decision. Id. Finally, any grievant who is dissatisfied with the disposition of an appeal may appeal within seven days to the Central Office Review Committee for final review. Id. Therefore, the entire administrative review process should take no longer than approximately 47 days plus the duration of the initial investigation. Robinson has not provided any information

b.     **Kidney Cancer**

Robinson also claims that defendants violated his constitutional right to adequate medical treatment by failing to diagnose him with kidney cancer.  Dkt. No. 49 at 17-21.  Moving defendants contend that Robinson has failed to sufficiently allege that they had any personal involvement with his alleged injuries.  Dkt. No. 48 at 12.  I agree with moving defendants. Plaintiff's amended complaint alleges only attenuated involvement by moving defendants. Further, Robinson's response to moving defendants' motion to dismiss merely reiterates his allegations against the other defendants and does not specifically identify any conduct by the moving defendants alleged in his amended complaint that would implicate them in his alleged injury.

The Eighth Amendment protects prisoners from deliberate indifference by prison officials to their serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order to state a prima facie case for unconstitutional deprivation of adequate medical care Robinson must allege: 1) a sufficiently serious medical need and 2) defendants' deliberate indifference to that serious medical need.  Monmouth Cnty. Corr. Inst. Inmates v. Lnazaro, 834 F.2d 326, 346 (3d Cir. 1987).   Robinson can allege deliberate indifference on the part of the moving defendants by showing that they had knowledge of his serious need for medical treatment and that they intentionally refused to provide treatment, delayed treatment for a non-medical reason or prevented him from receiving treatment.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  In order to find deliberate indifference "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

---

that leads me to believe he could plead facts demonstrating that his administrative review process could have taken six years instead of approximately 47 days.

It is well established that an inmate's mere disagreement with a course of treatment does not give rise to a § 1983 claim. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Similarly, allegations of medical malpractice do not establish deliberate indifference. Singletary v. Pa. Dep't of Corr., 266 F. 3d 186, 192 n.2 (3d Cir. 2002). Therefore, "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Estelle, 429 U.S. at 107. Prison medical authorities are "afford[ed] considerable latitude . . . in the diagnosis and treatment of the medical problems of inmate patients . . . and negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979). Therefore, Robinson must allege personal involvement on the part of the moving defendants with "allegations of personal direction or actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 437, 353 (3d Cir. 2005). See also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that defendants must "have personal involvement in the alleged wrongs [which] . . . can be shown through allegations of personal direction or of actual knowledge and acquiescence" if the allegations are made with sufficient particularity).

I find that Robinson's amended complaint does not sufficiently allege personal involvement on the part of the moving defendants. Robinson does not allege that Wenerowicz, the Superintendent at SCI-Graterford, ever played any role in treating, diagnosing or monitoring his medical needs. Rather, Robinson contends that Wenerowicz was "well aware" that other named defendants "turned a blind eye to and/or and/or acquiesced in . . . actions that have caused injuries to [ ] Robinson." Dkt. No. 45 at ¶ 59. See also id. at ¶ 162(e).

Robinson repeats the same general allegation against moving defendant Wolff, the

Director of Health Care at the Pennsylvania Department of Corrections.  Dkt. No. 45 at ¶¶ 59, 60.  Robinson's allegations that Wolff and others "encourage[d] and/or acquiesce[d] in cost saving and bonus driven actions that have caused injuries to Mr. Robinson," id. at ¶ 155, and that Wolff "has been motivated by financial considerations instead of health care consideration[s]," id. at ¶ 162(d), are insufficient to demonstrate that Wolff was personally involved in the alleged constitutional injury.  Robinson also repeats these conclusory allegations against moving defendant Korszniak, a nurse and medical administrator at SCI-Graterford and again fails to specify any personal involvement that could give rise to a § 1983 claim.  Id. at ¶¶ 59-61.

    These allegations do not demonstrate personal involvement and do not present any reason to believe that moving defendants "had actual knowledge that [plaintiff] was receiving inadequate medical care and knowingly declined to remedy the situation." Robus v. Pa. Dep't of Corr., No. 04-2175, 2006 WL 2060615, at *5 (E.D. Pa. July 20, 2006), citing Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Further, Robinson does not allege that moving defendants directly treated or monitored his medical needs nor does Robinson allege any misconduct by the moving defendants until after the allegedly improper treatment by other named defendants Kosierowski and Stefanic had occurred.

    Similarly, defendant Shaylor was personally involved in Robinson's alleged injury only to the extent that she denied the grievance he submitted regarding it.  Dkt. No. 45 at ¶ 140(f)-(n). "The denial of a grievance or mere concurrence in an administrative appeal process is insufficient to establish personal involvement."  Goodwine v. Keller, No. 09-1592, 2012 WL 4482793, at *8 (W.D. Pa. Sept. 26, 2012).  Robinson contends that "any reasonable person in [d]efendant[ ] Shaylor's position would have consulted with independent and outside medical experts in the field of renal cell carcinoma, renal cancer, kidney cancer, hypernephroma,

denocarcinoma of renal cell, or other related medical fields instead of simply communicating with [the other named] defendants." Id. at ¶ 65. Based on the amended complaint, only Shaylor's reliance on the medical expertise of the other named defendants constitutes her alleged deliberate indifference to Robinson's serious medical condition. Id. at ¶ 66. Robinson's allegations are clearly insufficient to demonstrate Shaylor's deliberate indifference to his medical needs. The Court of Appeals has made clear that "[i]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Robinson recognizes that Shaylor has "no medical training and [is] not qualified to made determinations as to whether [Robinson] received the medical treatment [he] is constitutionally entitled to . . . ." Dkt. No. 45 at ¶ 63.

Finally, Robinson also asserts a due process claim against moving defendants Wenerowicz and Shaylor for their alleged failure to properly investigate and respond to his grievances. Dkt. No. 45 at ¶¶ 200-203. It is well established that claims based on "dissatisfaction with the grievance procedure or denial of [ ] grievances . . . fail because an inmate does not have a constitutionally protected right to a grievance procedure." Powell v. Danberg, No. 10-558, 2011 WL 3438441, at *3 (D. Del. Aug. 5, 2011), citing Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009). I will dismiss Robinson's Fourteenth Amendment claims and find that leave to amend them would be futile.

Therefore, I find that Robinson has not adequately pled any § 1983 claims against defendants Wenerowicz, Wolff, Korszniak or Shaylor because Robinson has not alleged sufficient facts to demonstrate that they were personally involved in his alleged injuries. Further, there is no indication in Robinson's voluminous amended complaint or response to the moving defendants' motion that Robinson could allege new facts to cure this deficiency. However,

because leave to amend "should be freely given when justice so requires," I will grant Robinson leave to amend his complaint again to the extent that he can plead additional facts demonstrating with particularity the personal involvement of the moving defendants.[5]  Fed. R. Civ. P. 15(a)(2).

## II. Conspiracy

To successfully plead his § 1983 conspiracy claim Robinson "must [allege] that persons acting under color of state law conspired to deprive him of a federally protected right." Ashton v. City of Uniontown, 459 F. App'x 185, 190 (3d Cir. 2012).  Therefore, as a threshold matter, a claim of conspiracy requires an adequately pled constitutional violation.  See e.g., Perano v. Twp of Tilden, No. 09-0754, 2010 WL 1462367 at *10-11 (E.D. Pa. April 12, 2010).  Additionally, Robinson must plead facts to support the inference of an agreement to act in concert.  Merely alleging that defendants "act[ed] in concert and conspiracy" fails to satisfy the pleading requirements for a conspiracy claim.  Ashton, 459 F. App'x at 191.

As pled, Robinson's "bare allegation of an agreement is insufficient to sustain a conspiracy claim." Brown v. Deparlos, 492 F. App'x 211, 215 (3d Cir. 2012).  Merely asserting that "all [d]efendants expressly or tacitly agreed to act and did expressly or tacitly act under the color of state law, knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent

---

[5]  Robinson must provide more than "labels and conclusions, and a formulaic recitation of a cause of action's elements" in order to survive a subsequent motion to dismiss any amended pleadings.  Twombly, 550 U.S. at 545.  Further, even if Robinson is able to allege a constitutional violation against moving defendants based on this alleged injury, he may only seek recovery against them in their individual capacities because they are not "persons" under § 1983 and because the Eleventh Amendment bars claims against them in their official capacities.  It is well established that § 1983 does not provide for damages claims against state officials in their official capacities.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 (1989).  It is also well established that the Eleventh Amendment immunizes states and their agencies, and by extension state officials acting in their official capacities, from suit in the federal courts.  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997).  Eleventh Amendment immunity is only overcome if a state consents to being sued or if Congress specifically abrogates this immunity, neither of which has occurred in this case.  Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996).

(sic) and with deliberate indifference, in concert and conspiracy with each other and others to violate [p]laintiff's constitutional, civil and other rights" is insufficient to satisfy the pleading requirements.  Dkt. No. 45 at ¶ 208.

Additionally, Robinson's conspiracy claims fail as a matter of law unless he is able to adequately plead a constitutional violation as to the moving defendants.  Because I have granted Robinson leave to amend his § 1983 claims to allege facts demonstrating the moving defendants' personal involvement in the alleged failure to diagnose and treat Robinson's kidney cancer, I will also grant Robinson leave to amend his conspiracy claim, but only to the extent that he can allege specific facts, particular to the moving defendants, demonstrating "the actions of defendants committed in creating and furthering the conspiracy, including the times and places of meetings and the general role of each conspirator."  Marroni v. Sykes, No. 91-6206, 1992 WL 151744, at *4 (E.D. Pa. June 23, 1992), citing Humphrey v. Court of Common Pleas of York Cnty., Pa., 640 F. Supp. 1239, 1244 (M.D. Pa. 1986).

## III.    Title VII Claim[6]

Title VII protects employees from discrimination by their employers on the basis of race, color, religion, sex or national origin.  42 U.S.C. § 2000e-2.  "The language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate

---

[6]    In Robinson's response in opposition to the motion to dismiss he attempts to recast his Title VII claim as a claim pursuant to 42 U.S.C. § 1985.  Dkt. No. 49 at 26.  I need not consider this new claim as it is not contained in his pleading.  See e.g., Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  However, even if plaintiff had included the content of his response motion in his complaint he would not have satisfied the Twombly pleading requirements.  Robinson does not attribute any of the alleged discriminatory conduct to any of the moving defendants.  Rather, he complains of allegedly race-based discrimination by defendants "Drs. Kosierowski, Stefanic, Blatt, McDonald, Zaro, P.A. Machak, Pa.-C Masino and the 'Does.'" Dkt. No. 49 at 26-29 n. 47-53.  Therefore, I find that leave to amend this Title VII claim in order to re-characterize it as a § 1985 claim against the moving defendants would be futile.

those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800 (1973). Robinson was not an employee of defendants and does not allege any adverse employment action. Therefore, Robinson cannot make out a prima facie case for a Title VII violation and leave to amend would clearly be futile as there is no employment relationship between the parties. I will dismiss Robinson's Title VII claims.

## IV. State Law Claims

Robinson's amended complaint alleges breach of contract, negligence and intentional infliction of emotional distress. Dkt. No. 45 at ¶¶ 177-182, 189-194, 204-206. Moving defendants seek dismissal of these claims, asserting that they are barred by sovereign immunity. Dkt. No. 48 at 17. Robinson's response in opposition to the motion to dismiss addresses neither these claims nor the question of sovereign immunity. Sovereign immunity generally bars claims against the Commonwealth, its agencies and officials and employees acting within the scope of their duties for violations of state law. 42 Pa. Cons. Stat. §§ 8521-8522. There are nine narrow exceptions to this rule, including one for allegations of medical-professional liability. 42 Pa. Cons. Stat. § 8522(b). None of the other exceptions would apply to Robinson's claims.

Defendant Wenerowicz is the Superintendent at SCI-Graterford and not a health care employee as defined by § 8522(b)[7]. Robus v. Pa. Dep't of Corr., No. 04-2175, 2006 WL 2060615, at *10 (E.D. Pa. July 20, 2006). Therefore, I will dismiss Robinson's state law claims against Wenerowicz. Similarly, defendant Shaylor is the Facility Grievance Coordinator at SCI-Graterford and is also not a health care employee. I will also dismiss Robinson's state law

---

[7] Medical-professional liability covers "acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse, or related health care personnel." 42 Pa. Cons. Stat. § 8522(b)(2).

claims against defendant Shaylor.

      Defendants Korszniak and Woff are both medical professionals at SCI-Graterford and are thus subject to the medical professional liability exception.  Though sovereign immunity does not bar Robinson's state law claims against Korszniak and Wolff, Robinson must satisfy the pleading requirements in order to overcome defendants' motion to dismiss.  To survive a motion to dismiss on Robinson's state law claims he must plead sufficient facts to support a prima facie case for each of his claims.  Robinson's amended complaint lacks the specificity and particularity required by <u>Twombly</u>.  Recognizing that the general and conclusory allegations contained in Robinson's amended complaint will not suffice, I will grant Robinson leave to amend each of his state law claims against moving defendants Korszniak and Wolff to the extent that he can plead facts supporting a prima facie case against them for breach of contract, negligence and intentional infliction of emotional distress.

      An appropriate Order follows.