THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROBINSON | : | CIVIL ACTION |
| | : | NO. 10-7165 |
| v. | : | |
| | : | |
| CORIZON HEALTH, INC., et al. | : | |

| | | |
|---|---|---|
| DAVID ROBINSON | : | CIVIL ACTION |
| | : | NO. 12-1271 |
| | : | |
| v. | : | |
| | : | |
| PRISON HEALTH SERVICES, INC. et al | : | |

## ORDER

AND NOW, this 30th day of March, 2016, upon consideration of the motion to dismiss plaintiff David Robinson's claims by defendants Corizon Health, Inc., Richard Hallworth, Bruce Blatt, M.D., Margarita McDonald, M.D., Richard Kosierowski, D.O., Richard Stefanic, M.D., John Zaro, M.D., Raymond Machak, P.A., and John Does and Jane Does (the medical defendants), Dkt. No. 61, and plaintiff's response to the medical defendants' motion, Dkt. No. 72, and consistent with the accompanying memorandum of law, it is ORDERED that defendants' motion is GRANTED as follows:

1) Plaintiff's claim against moving defendants regarding the alleged injury to his arm from the 2003 Hepatitis B injection is DISMISSED;

2) Plaintiff's Section 1983 claim against Corizon is DISMISSED with leave to amend to the extent that plaintiff is able to plead facts with sufficient particularity regarding Corizon's allegedly unconstitutional policies or customs;

3)      Plaintiff's Eighth Amendment claim based on defendants' alleged failure to diagnose and treat Robinson's kidney cancer is DISMISSED with leave to amend to the extent that plaintiff is able to plead sufficient facts to show that defendants were deliberately indifferent to his serious medical need;

4)      Plaintiff's equal protection claim is DISMISSED with leave to amend to the extent that plaintiff can allege sufficient facts to make plausible his claim that any of the moving defendants violated his right to equal protection;

5)      Plaintiff's breach of contract claim is DISMISSED;

6)      Plaintiff's medical malpractice claim is DISMISSED;

7)      Plaintiff's corporate negligence claim is DISMISSED with leave to amend to the extent that plaintiff is able to allege sufficient facts to plead Corizon's direct liability for negligence;

8)      Plaintiff's claim for intentional infliction of emotional distress is DISMISSED with leave to amend;

9)      Plaintiff's conspiracy claim is DISMISSED with leave to amend to the extent that plaintiff can set forth sufficient factual averments to plausibly allege the requisite agreement or concerted action between any of the defendants.

Robinson may file an amended complaint on or before Monday, April 18, 2016.[1]


_____s/Thomas N. O'Neill, Jr._____
THOMAS N. O'NEILL, JR., J.

---

[1]      Any amended complaint shall not include claims against the previously dismissed defendants Michael Wenerowicz, Joseph Korsniak, Wendy Shaylor or Robert Wolff, as plaintiff was previously granted leave to amend certain claims against these defendants, but failed to do so within the allotted time.  See Robinson v. Prison Health Services, Inc., No. 10-7165, 2014 WL 2452132 (E.D. Pa. June 2, 2014).